[STATE, EX REL.] TOBIAS, APPELLEE, *v.* HURST ET AL., APPELLANTS.

(No. 9829—Decided November 29, 1965.)

*Mr. Ambrose H. Lindhorst* and *Mr. Jerome Goldman,* for appellee.

*Mr. William A. McClain, Mr. Lyle S. Castle* and *Mr. Paul J. Gorman,* for appellants.

HOVER, J.   All the respondents appeal, on questions of law, the judgment and decree of the court below ordering the respondents generally to rate the job performance of one Eugene Simpkins, a patrolman, both quantitatively and qualitatively on the basis of his entire 1964 work year, rather than on the basis of twenty-four weeks only.   Appellee, relator below, brought the action as a taxpayer.   The matter is considered by this court on the basis of the transcript of the docket and journal entries of the court below, a bill of exceptions and the briefs and arguments of counsel.

Appellants assign two principal errors: (1) The incapa-

city of the taxpayer to maintain the action; and (2) the patrolman involved, Simpkins, had an adequate remedy at law by appealing his civil service rating both to and from the commission ruling—a remedy which he failed to pursue.

As to the first assignment of error, it is true that ordinarily a writ of mandamus at the behest of a taxpayer will not be entertained to enforce or promote a purely private right such as the standing of Simpkins before the Civil Service Commission; nevertheless, the action filed by the taxpayer must be considered in all its parts to determine whether he has a real and substantial public interest as a taxpayer in the alleged unlawful activities of the respondents.

Relator's amended petition complains of a gross and widespread violation and disregard of the civil service law in three respects: (1) That in regard to a certain proposed promotional examination to a new police classification, some 35 to 40 otherwise eligible patrolmen had their efficiency ratings purposefully and unlawfully downgraded to eliminate eligibility; (2) that another entire category of police officer, that of Patrolman II, was automatically included in the new classification without any promotional or other type of examination; and (3) that one individual, Simpkins, was only partially rated and was thereby rendered ineligible to participate in the proposed examination.

Under the general and still pertinent rule originally laid down in *State, ex rel. Meyer,* v. *Henderson,* 38 Ohio St. 644, the questions raised by the petition of the relator-taxpayer are of sufficient public interest to permit the court to entertain it. The court in the above case states:

"* * * As regards the degree of interest on the part of the relator, requisite to make him a proper party on whose information the proceedings may be instituted, a distinction is taken between cases where the extraordinary aid of a mandamus is invoked, merely for the purpose of enforcing or protecting a private right, unconnected with the public interest, and those cases where the purpose of the application is the enforcement of a purely public right, where the people at large are the real party in interest, and, while the authorities are somewhat conflicting, yet the decided weight of authority supports the proposition that, where the relief is sought merely for the protection

of private rights, the relator must show some personal or special interest in the subject matter, since he is regarded as the real party in interest and his rights must clearly appear. On the other hand, where the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the people are regarded as the real party, and the relator need not show that he has any legal or special interest in the result, it being sufficient to show that he is a citizen, and, as such, interested in the execution of the laws. * * *''

This rule has been and is the polestar under which many subsequent actions by taxpayers and citizens in mandamus actions have been considered and determined.

However, as the appellants point out, the rating received by one patrolman, Simpkins, whether it be rightfully or wrongfully conferred, is not such a matter of sufficient public interest as would permit litigation by a taxpayer. In this respect, however, it must be borne in mind that before the case was actually presented to the court on this very narrow issue, which was finally the only matter remaining for decision, the appellants had, by stipulation, already agreed that the taxpayer's petition was well taken in regard to the two large categories above of the persons involved. The situation here is not one in which the parties, by proceeding to try the single Simpkins' question, agreed improperly to confer jurisdiction upon a court. The situation is quite the reverse here where the court's jurisdiction was correctly invoked and vested, and only afterward was it admitted by the parties involved that the petition was well taken as to every question raised but one. It is well established that the court having once acquired valid jurisdiction may proceed to hear and determine all issues before it. Here, the court did acquire jurisdiction of a petition which had a definite bearing on the general public and was thereafter under an obligation to determine all the issues before it, including the peculiar and unique Simpkins' circumstance.

Appellants further claim: (1) That Simpkins appealed his rating as provided by law to the Civil Service Commission; (2) that the commission decided the question adversely as to him; and (3) that he failed to avail himself of his right to appeal the determination of the commission. The record shows, in appellants' Exhibit Four of the bill of exceptions, an excerpt

of the minutes of the Civil Service Commission, that Simpkins and two others appeared with their attorney before the commission and "objected to their ratings feeling that they had been discriminated against by rating officers for reasons of clash of personalities." The commission "failed to find sufficient evidence of such a clash and as a result overruled their request for re-appraisal."

This is the extent of the record as to any civil service proceedings in regard to Simpkins. It can hardly be construed as an appeal of the method by which his rating was actually arrived at. The question subsequently raised in the taxpayer's petition was apparently not touched upon, much less decided. While, no doubt, as an individual, Simpkins could have and under ordinary circumstances should have brought his partial rating to the attention of the commission, nevertheless, taxpayer's suit, including this issue, having been properly brought and having invoked the jurisdiction of the court in the public interest, remains unaffected by it. Certainly, had the Simpkins' problem been the only question to be litigated by the taxpayer's suit, it would have been a purely personal matter in which Simpkins and the commission alone were involved and in which the taxpayer had no sufficient public interest to warrant the action.

It is noted that the judgment and decree below directs "that a writ of mandamus issue ordering the respondents to take such steps as may be required to give patrolman Eugene Simpkins an efficiency rating grade for the year 1964, based on his total work performance * * *." Since the law and the record indicate very clearly that the matter of employee ratings and the method by which they are accomplished are solely within the purview of the Civil Service Commission, the police division acting simply as their agent, the writ should be directed to the Civil Service Commission which is the only legal entity having authority to carry it into effect. Consequently, the decree will be modified to the extent of ordering and directing the Civil Service Commission to rate Simpkins both quantitatively and qualitatively upon his entire work record for the year 1964.

*Judgment accordingly.*

HILDEBRANT, P. J., and LONG, J., concur.